UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Luis Eduardo PEREZ PARRA, Leonel Jose RIVAS GONZALEZ, Abrahan Josue BARRIOS MORALES, and M.R.R.Y., <br><br> *Petitioners,* <br><br> v. <br><br> DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, United States Immigration and Customs Enforcement; PATRICK J. LECHLEITNER, Senior Official Performing the Duties of the Director, United States Immigration and Customs Enforcement; ALEJANDRO MAYORKAS, Secretary of Homeland Security; MERRICK B. GARLAND, United States Attorney General, *in their official capacities*, <br><br> *Respondents.* | Civil Action No.:1:24-cv-00912-KG-KRS |

**MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

Petitioners, by and through undersigned counsel, respectfully move this Court for leave for Petitioner M.R.R.Y. to proceed pseudonymously under her initials. A declaration of her true identity is attached hereto as Exhibit A. In support of this Motion, Petitioners state as follows. Petitioner M.R.R.Y. is currently held in immigration detention at the Otero County Processing Center ("OCPC") in Chaparral, New Mexico. She and the other Petitioners have filed the instant

1

habeas action challenging their indefinite detention. They remain detained with no significant likelihood that they will be deported to Venezuela in the reasonably foreseeable future.

Petitioner M.R.R.Y. has sought protection in the United States because she fears persecution and torture in Venezuela. Petitioner M.R.R.Y. reasonably fears that revealing her name in public filings would subject her (if ultimately removed to Venezuela) or her family in Venezuela to harm by their persecutors.[1]

For the reasons set forth in the attached Memorandum of Law, Petitioners respectfully request the Court to grant Petitioner M.R.R.Y. leave to proceed under pseudonym.

Dated: September 13, 2024

Respectfully submitted,

*/s/ Rebecca Sheff*

Rebecca Sheff
Max Brooks
ACLU of New Mexico
P.O. Box 566
Albuquerque, NM 87103
(781) 718-0990
rsheff@aclu-nm.org
mbrooks@aclu-nm.org

Zoe Bowman
Las Americas Immigrant Adv. Center
1500 Yandell Dr.
El Paso, TX 79902
(915) 433-9702
zoebowman@las-americas.org

Mikaila Hernández*
Samah Sisay*
Center for Constitutional Rights
666 Broadway St. 7th Floor

---

[1] Because this Motion is being filed contemporaneously with the petition for writ of habeas corpus, Petitioners have not been able to identify and contact opposing counsel in order to ascertain the government's position.

2

New York, NY 10012
(212) 614-6436
mhernandez@ccrjustice.org
ssisay@ccrjustice.org

Jessica Myers Vosburgh*
Center for Constitutional Rights
P.O. Box 486
Birmingham, AL 35201
(212) 614-6492
jvosburgh@ccrjustice.org


*Pro hac vice petition forthcoming

**COUNSEL FOR PETITIONERS**

UNITED STATES DISTRICT COURT
THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Luis Eduardo PEREZ PARRA, Leonel Jose RIVAS GONZALEZ, Abrahan Josue BARRIOS MORALES, and M.R.R.Y., <br><br> *Petitioners,* <br><br> v. <br><br> DORA CASTRO, Warden, Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, United States Immigration and Customs Enforcement; PATRICK J. LECHLEITNER, Senior Official Performing the Duties of the Director, United States Immigration and Customs Enforcement; ALEJANDRO MAYORKAS, Secretary of Homeland Security; MERRICK B. GARLAND, United States Attorney General, *in their official capacities*, <br><br> *Respondents.* | Civil Action No.:1:24-cv-00912-KG-KRS |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Petitioners respectfully submit this memorandum of law in support of their Motion for Leave to Proceed Under Pseudonym. Specifically, Petitioner M.R.R.Y. seeks leave to proceed under her initials. Petitioner M.R.R.Y. is currently held in immigration detention at the Otero County Processing Center ("OCPC") in Chaparral, New Mexico. She and the other Petitioners have filed the instant habeas action challenging their indefinite detention. They remain detained

with no significant likelihood that they will be deported to Venezuela in the reasonably foreseeable future.

Petitioner M.R.R.Y. has sought protection in the United States because she fears persecution and torture in Venezuela. Petitioner M.R.R.Y. reasonably fears that revealing her name in public filings would subject her (if ultimately removed to Venezuela) or her family in Venezuela to harm by their persecutors.

For the reasons set forth herein, the Court should grant Petitioner M.R.R.Y.'s request to proceed anonymously because the risks of harm through disclosure outweigh any minimal burden on the public interest in open judicial proceedings and because Respondents will not be prejudiced by allowing Petitioner M.R.R.Y. to proceed using a pseudonym.

## I. LEGAL STANDARD

This Court has the discretion to permit Petitioner M.R.R.Y. to proceed anonymously in pleadings filed with the Court. *See M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). The Tenth Circuit has enumerated three contexts in which proceeding under pseudonym is appropriate: (1) "matters of a highly sensitive and personal nature;" (2) cases involving a "real danger of physical harm;" and (3) "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)); *see also Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005) ("A plaintiff seeking to proceed under a pseudonym must typically show that disclosure of his identity in the public record would reveal highly sensitive and personal information that would result in a social stigma or the threat of real and imminent physical harm.").

In determining whether to grant leave to proceed under pseudonym, the Court must conduct a case-specific balancing of the party's interests in anonymity and the public interests at stake. *See Zavaras*, 139 F.3d at 803 (stating that the court must "weigh[] the plaintiff's claimed right to privacy against the countervailing public interest").

## II.     ARGUMENT

Here, the balance of interests weighs strongly in favor of allowing Petitioner M.R.R.Y. to proceed under pseudonym, where anonymity is essential to allow her to continue litigating the case. Proceeding under pseudonym is appropriate because Petitioner M.R.R.Y. and her family face a significant risk of harm if Petitioner M.R.R.Y's name is revealed. Additionally, the use of a pseudonym would have minimal impact on the public's interest in open judicial proceedings, and the Respondents will not be prejudiced.

### A.     Public Knowledge of Petitioner M.R.R.Y.'s Claims for Immigration Relief Would Create a Significant Risk of Harm to Her and Her Family

Public knowledge of Petitioner M.R.R.Y.'s identity would create a significant risk of harm to her and her family. Courts have allowed litigants to proceed anonymously where doing so would protect them or their families from potential violence. *See, e.g., Doe v. Gonzales*, 484 F.3d 445, 446 (7th Cir. 2007) (allowing petitioner to litigate pseudonymously "because of his fear that if he is returned to El Salvador he will be killed"); *Doe v. INS*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) ("Although the use of pseudonyms is not favored, we have resorted to it here to protect the petitioner's family, who remain in China, from possible reprisals."); *see also Guadalupe M. v. City of Albuquerque, New Mexico*, No. CIV 98-0360 JC/DJS, 1998 WL 36030328, at *1 (D.N.M. Sept. 14, 1998) (explaining that courts should consider, among other factors, "whether identification would put the identified party or third parties at risk of retaliatory harm").

Here, Petitioner M.R.R.Y. has sought protection in the United States because she has suffered and fears future persecution and torture in Venezuela. Indeed, she passed a Credible Fear Interview, the initial step in the U.S. asylum process. Pet. ¶ 39. This fact alone, as well as sensitive details of her underlying immigration claims, if publicly known, could create significant risk of retribution or further torture or persecution in Venezuela if Petitioner M.R.R.Y. were ultimately removed from the United States. Further, pursuant to federal regulation, information pertaining to applications for asylum, withholding of removal, and Convention Against Torture protection is confidential and shall not be disclosed because of the highly sensitive nature of the relief sought. 8 C.F.R. §§ 208.6, 1208.6.

Petitioner M.R.R.Y.'s assessment of her own individual circumstances is that if she is ultimately removed from the United States, she will face a real risk of physical danger at the hands of her persecutors if this highly sensitive information—that she sought protection in the United States and the details of her claims—is revealed through public filings. Moreover, Petitioner M.R.R.Y. fears that her family members who remain in Venezuela will face a similar and immediate risk of physical harm if it is revealed that Petitioner M.R.R.Y. is in the United States seeking immigration relief.

### B.   No Prejudice Will Result from Petitioner M.R.R.Y. Proceeding Under Pseudonym.

In contrast to Petitioner M.R.R.Y.'s substantial concerns of harm, the public's right to open proceedings will not be significantly diminished should Petitioner M.R.R.Y. proceed under pseudonym. While the public does have an interest in access to litigation, generally, that interest in no way demands that the public obtain sensitive personal information about the Petitioners themselves. As the Fifth Circuit has noted, party anonymity has only a limited impact on the

public's access to the courts in certain situations and "does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981); *see also id.* ("The assurance of fairness preserved by public presence at trial is not lost when one party's cause is pursued under a fictitious name."). If anything, disclosure of Petitioner M.R.R.Y.'s name would harm the public interest because the risks posed by exposing her identity could create a deterrent effect for other individuals' willingness to litigate the constitutionality of their confinement or related matters regarding conditions of confinement. Thus, allowing Petitioner M.R.R.Y. to proceed under pseudonym will have a negligible effect, if any, on the public's right of access to judicial proceedings.

Moreover, allowing Petitioner M.R.R.Y. to proceed pseudonymously is especially appropriate because Respondents are government officials sued in their official capacities. *See Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 n.9 (D.D.C. 2008) ("When a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." (citation omitted)); *see also Guadalupe M.*, 1998 WL 36030328, at *1 (explaining that courts should consider, among other factors, "whether the action is against a governmental party challenging a statute of general applicability"). Respondents already have full access to Petitioner M.R.R.Y.'s immigration and detention records, and they will not be prejudiced by allowing Petitioner M.R.R.Y. to proceed pseudonymously because Petitioners are, contemporaneously with this Motion, providing Petitioner M.R.R.Y.'s full name to Respondents and the Court under seal. *See Doe v. Farmington Mun. Sch.*, Civ. No. 21-103 SCY/KK, 2021 WL 1390777, at *3 (D.N.M. Apr. 13, 2021) (finding that "Defendants will suffer no prejudice if

Plaintiff is permitted to proceed anonymously" because "Defendants already know Plaintiff's name and . . . will also have access to a sealed notice that discloses her true identity").

### III.    Conclusion

For the reasons set forth herein, Petitioners respectfully request the Court to grant Petitioner M.R.R.Y. leave to proceed under pseudonym and accept the attached declaration, Exhibit A, under seal.

Dated: September 13, 2024

Respectfully submitted,

/s/ Rebecca Sheff

Rebecca Sheff
Max Brooks
ACLU OF NEW MEXICO
P.O. Box 566
Albuquerque, NM 87103
(781) 718-0990
rsheff@aclu-nm.org
mbrooks@aclu-nm.org

Zoe Bowman
Las Americas Immigrant Adv. Center
1500 Yandell Dr.
El Paso, TX 79902
(915) 433-9702
zoebowman@las-americas.org

Mikaila Hernández*
Samah Sisay*
Center for Constitutional Rights
666 Broadway St. 7th Floor
New York, NY 10012
(212) 614-6436
mhernandez@ccrjustice.org
ssisay@ccrjustice.org

Jessica Myers Vosburgh*
Center for Constitutional Rights

P.O. Box 486
Birmingham, AL 35201
(212) 614-6492
jvosburgh@ccrjustice.org


*Pro hac vice* petition forthcoming

**COUNSEL FOR PETITIONERS**

## CERTIFICATE OF SERVICE

I hereby certify that, this 13th day of September, 2024, I filed a copy of the foregoing Petitioners' Motion to Proceed Under Pseudonym and Memorandum of Law, electronically through the CM/ECF system, which gave service to all counsel of record.

By: */s/ Rebecca Sheff*
Rebecca Sheff