IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS EDUARDO PEREZ
PARRA, *et al.*,

    Petitioners,

v.                                                     Case No. 24-cv-912 KG/KRS

DORA CASTRO, *et al.*,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioners' Opposed Motion for a Temporary Restraining Order Enjoining Petitioners' Transfer from this Judicial District, (Doc. 43), filed February 9, 2025. Having considered the Motion and relevant case law, the Court grants the Motion.

    *I.*     *Background*

Petitioners, three Venezuelan nationals, filed their Petition for Writ of Habeas Corpus on September 13, 2024. (Doc. 1). Petitioners challenge the legality of their continued detention by Immigration and Customs Enforcement (ICE) as violative of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment of the U.S. Constitution. *Id.* at 1. Petitioners subsequently filed a Motion for an Order to Show Cause on October 1, 2024. (Doc. 10). The Court issued an Order to Show Cause on November 26, 2024, (Doc. 29), and heard argument on January 15, 2025. (Doc. 40). The Court has set a deadline of February 24, 2025, for the parties to submit additional briefing and status updates to the Court. (Doc. 41). A status conference is set for March 3, 2025. *Id.*

The record reflects that Petitioners have been in ICE custody at the Otero County Processing Center (OCPC) in Chaparral, New Mexico since late 2023. *See* (Doc. 43-2), (Doc. 43-3), and (Doc. 43-4). The Court is informed that, as of today, Petitioners remain in ICE custody at OCPC. Now, given the transfers of Venezuelans depicting similar characteristics to Petitioners, they request the Court issue an order enjoining the transfer of Petitioners to the U.S. Naval Base at Guantanamo Bay. (Doc. 43) at 17.

II.     Analysis

The decision whether to issue a temporary restraining order (TRO) is committed to a district court's sound discretion. *Allen W. Hinkel Dry Goods Co. v. Wichison Indus. Gas Co.*, 64 F.2d 881, 884 (10th Cir. 1933). Typically, to merit a TRO, Petitioner must establish that: (1) he has a likelihood of success on the merits; (2) he will suffer irreparable injury if the injunction is not issued; (3) the threatened injury outweighs injury to the opposing party; and (4) the injunction would not be adverse to the public interest. *Wiechmann v. Ritter*, 44 Fed.Appx. 346, 347 (10th Cir. 2002). (citation omitted). Here, however, the Court deviates from the ordinary practice and instead orders an injunction through the broad authority under the All Writs Act (AWA).

The All Writs Act, 28 U.S.C. § 1651(a), empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Supreme Court has recognized "a limited judicial power to preserve the court's jurisdiction or maintain the *status quo* by injunction pending review of an agency's action through the prescribed statutory channel." *F. T. C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (citation omitted). "[A] federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment

to achieve the ends of justice entrusted to it." *United States v. N. Y. Tel. Co.*, 434 U.S. 159, 173 (1977) (citation and quotations omitted).

Considering the uncertainty surrounding jurisdiction, the Court determines it is necessary to enjoin the transfer of Petitioners to Guantanamo Bay. At this time, the Court cannot say that without this injunction it would not be jurisdictionally deprived to preside over the original writ of habeas corpus should petitioners be transferred. Thus, an injunction is necessary to achieve the ends of justice entrusted to this Court. The Court emphasizes that this Order is limited in scope to these three Petitioners because this matter was pending before this Court long before any transfers began. The Court also emphasizes that there appears to be no prejudice to the government by this injunction to maintain the status quo pending the resolution of this matter. Moreover, there appears to be many instances where district courts utilize its inherent authority under the AWA to retain jurisdiction and enjoin transfers. *See SEC v. Vision Communs.*, 315 U.S. App. D.C. 384, 74 F.3d 287, 291 (D.C. Cir. 1996) (All Writs Act "empowers a district court to issue injunctions to protect its jurisdiction"); *Abu Ali v. Ashcroft*, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (federal courts "may and should take such action as will defeat attempts to wrongfully deprive parties" of their right to sue in federal court) (internal citation omitted); *Lindstrom v. Graber*, 203 F.3d 470, 474–76 (7th Cir. 2000) (All Writs Act permits court to stay extradition pending appeal of habeas corpus petition).

### III.    Conclusion

For the reasons discussed above, the Court grants the Motion.

It is HEREBY ORDERED that Respondents and their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are TEMPORARILY

RESTRAINED from transferring LUIS EDUARDO PEREZ PARRA, LEONEL JOSE RIVAS GONZALES, and ABRAHAN JOSUE BARRIOS MORALES to the U.S. Naval Base in Guantanamo Bay.

It is also ORDERED that the upcoming status conference on March 3, 2025, remains and parties should be prepared to brief whether this injunction should be temporary, indefinite, or during the pendency of this matter before the Court.

Signed this 9th day of February 2025.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE