IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUIS EDUARDO PEREZ PARRA,
LEONEL JOSE RIVAS GONZALEZ,
and ABRAHAN JOSUE BARRIOS MORALES,

    Petitioners,

vs.                                      No. 24-CV-912 KG/KRS

DORA CASTRO, et al.,

    Respondents.

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. At this time, both Petitioners and Respondents have filed multiple documents under seal. *See* (Docs. 3, 26, 32, 33, 35, 37, 39, and 48). To date, neither party has sought the Court's leave to file documents under seal, nor has any party filed any pleading with the Court explaining why the documents are sealable.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation and quotation marks omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted). "[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether

a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 Fed. Appx. 752, 755 (10th Cir. 2009). "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption." *Colony Ins. Co.*, 698 F.3d at 1241 (quotation marks omitted).

Here, neither party has advanced any interest in keeping the record confidential which outweighs the strong presumption in favor of public access to this judicial record.

In light of the foregoing, the Court hereby ORDERS both parties to show cause, by **February 18, 2025**, why past and future filings should be sealed. Parties' responses to this Order shall explain why, if at all, redaction would be inappropriate for all past and future filings. The Court advises that if neither party proffers an explanation for why past and future filings should be sealed as required by this Order, the Court will unseal all filings without further notice on Wednesday, February 19, 2025.

**IT IS THEREFORE ORDERED** that parties show cause on or before **February 18, 2025**, why past and future filings with the Court should be sealed.

_____
UNITED STATES DISTRICT JUDGE